COMMONWEALTH *vs.* PAUL J. TLASEK (No. 1).

No. 09-P-229.

Plymouth. March 18, 2010. - July 22, 2010.

Present: McHUGH, MILKEY, & HANLON, JJ.

*Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Assistance of counsel, Waiver of constitutional rights.

A Superior Court judge did not err in denying a criminal defendant's pretrial motion to suppress evidence, in which the defendant alleged that certain incriminating statements that he made to police violated his right to counsel under the Sixth Amendment to the United States Constitution, where, although the police initiated the interrogation following the defendant's assertion of his right to counsel, it was plain that the defendant, who was read his Miranda rights and signed a standard Miranda waiver form, had waived that right before he spoke with the police. [301-302]

INDICTMENTS found and returned in the Superior Court Department on June 28, 2007.

Pretrial motions to suppress evidence were heard by *Jeffrey A. Locke,* J., and the cases were tried before *Elizabeth B. Donovan,* J.

*Pamela Lindmark* for the defendant.

*Suzanne D. McDonough,* Assistant District Attorney, for the Commonwealth.

MILKEY, J. After a jury trial in the Superior Court, the defendant was convicted of trafficking in cocaine in violation of G. L. c. 94C, § 32E(*b*), and trafficking in cocaine in a school zone in violation of G. L. c. 94C, § 32J. In a companion memorandum and order issued pursuant to Appeals Court Rule 1:28, as amended, 73 Mass. App. Ct. 1001 (2008), we conclude that reversal of these convictions is required by the United States Supreme Court's recent decision in *Melendez-Diaz* v. *Mas-*

sachusetts, 129 S. Ct. 2527 (2009).[1] *Commonwealth* v. *Tlasek (No. 2), post* 1111 (2010). For purposes of a potential retrial, we separately address the defendant's claim that incriminating statements he made to the Canton police should have been suppressed as a violation of his right to counsel under the Sixth Amendment to the United States Constitution. For the reasons set forth below, we affirm the denial of the defendant's motion to suppress.[2]

1. *Background.* On April 4, 2007, a Canton police detective telephoned the Brockton police regarding a housebreak in Canton.[3] The Canton detective informed the Brockton police that the defendant was the prime suspect in the housebreak, that an informant had told the Canton police that the defendant lived at 14 Benham Street in Brockton (where he reportedly had brought the stolen goods), and that he had two outstanding arrest warrants. One arrest warrant listed the defendant's address as 14 Benham Street, and the other listed a Rockland address.

The Brockton police arrested the defendant inside an apartment at the 14 Benham Street address. They had to use force to subdue the defendant, and, during the struggle, the defendant became bloodied and his shirt was torn off. After cleaning the defendant with a towel, the police asked him if he wanted a new shirt. The defendant said, "yeah," and indicated in which bedroom a shirt could be found. While retrieving the shirt, the Brockton police spotted three plastic bags containing what appeared to be "crack" cocaine lying in an open dresser drawer. They charged the defendant with the drug offenses, and counsel was appointed.

---

[1] The companion memorandum and order also affirms the defendant's conviction of resisting arrest. G. L. c. 268, § 32B.

[2] The defendant filed a number of motions to suppress. In the companion memorandum and order, we conclude that the judge did not err in denying the defendant's motions to suppress the alleged cocaine and the defendant's statement to the Brockton police indicating that the room in which the alleged cocaine was found was his bedroom. *Commonwealth* v. *Tlasek (No. 2), supra.* We also reject the defendant's suggestion that his booking statement should have been suppressed because of the lack of a Miranda warning. *Ibid.*

[3] The factual statements included here are drawn from the motion judge's findings, supplemented by uncontroverted testimony from the hearings on the motions to suppress. See *Commonwealth* v. *Butler*, 423 Mass. 517, 518 n.1 (1996).

Inside the defendant's apartment, the Brockton police saw the goods allegedly stolen during the Canton housebreak. They froze the scene, and the Canton police obtained and executed a search warrant on the apartment. While the defendant remained in custody, but before he had been arraigned on the Canton housebreak, the Canton police came unannounced to interview him at the house of correction. Although the Canton police knew that the defendant had counsel for the drug charges, they did not notify that counsel or seek to secure counsel's permission to speak with the defendant. The defendant, however, was read the Miranda rights, and he signed a standard Miranda waiver form before the interview with the Canton police began.

The Canton police commenced their interview by questioning the defendant about his ties to the Brockton apartment (where both the drugs and stolen goods were found). The defendant initially denied ever living at the premises. When the Canton police confronted him with the fact that two named individuals had told them that the defendant lived there, the defendant interjected that one of the individuals "was a scumbag and that after [the police] had left his residence, [that individual] had gone back in and stolen his dresser and the tv that had been left behind." Realizing his error, the defendant went on to say "that he knew he shouldn't have spoken with [the Canton police] and now he's hurt his other case." The defendant then terminated the interview, and the Canton police never had the opportunity to ask him about the housebreak.

After holding an evidentiary hearing on the defendant's motion to suppress, a Superior Court judge concluded that the interrogation of the defendant at the house of correction was not "a ruse to circumvent[] the Sixth Amendment" and "that the defendant's statement regarding ownership of the dresser where the drugs were secreted was a gratuitous comment, neither prompted by nor responsive to police questioning, and does not implicate Sixth Amendment concerns." The motion judge also found that the defendant had consented to the interview after receiving Miranda warnings. The judge concluded: "Considered in their totality, the circumstances surrounding the April 25, 2007 interview provide no basis for suppression under the Fifth or Sixth Amendments [to the United States Constitution] or Articles 12 or 14 [of the Massachusetts Declaration of Rights]." At trial,

the Commonwealth introduced the defendant's statements as proof that the alleged drugs found in the dresser were his.

2. *Discussion.* As noted above, the principal ground on which the motion judge relied was that the defendant's Sixth Amendment right to counsel was not even implicated because the Canton police came to question the defendant about the Canton housebreak, not about the drug offenses. The defendant argues that this conclusion is erroneous, in essence, because the Canton police knew or should have known that their interrogation could easily lead him to make statements that would incriminate him on the drug charges. See *United States* v. *Bender*, 221 F.3d 265, 268 (1st Cir. 2000) (where it was obvious that questioning would lead to incriminating statements on pending charges, and those statements "were deliberately elicited post-indictment, and were obtained in the absence of counsel . . . they were obtained in violation of the Sixth Amendment and were rightly suppressed by the district court").[4] We need not address the merits of the defendant's argument, because it is plain that the defendant waived his Sixth Amendment right to counsel before he spoke with the Canton police.

At the time of the motion judge's ruling, case law clearly established that, absent the consent of counsel, the police could not initiate an interrogation regarding a charge for which the Sixth Amendment right to counsel had attached and been asserted, regardless of whether they had secured a valid Miranda waiver. See *Michigan* v. *Jackson*, 475 U.S. 625, 636 (1986) ("hold[ing] that, if police initiate interrogation after a defendant's assertion . . . of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid"). However, in May, 2009, the United States Supreme Court effected a sea change in the law when it overruled *Michigan* v. *Jackson*. See *Montejo* v. *Louisiana*, 129 S. Ct.

---

[4]See generally *Maine* v. *Moulton*, 474 U.S. 159, 171 (1985) ("police have an affirmative obligation not to act in a manner that circumvents and thereby dilutes the protection afforded by the right to counsel"). In 1997, the Supreme Judicial Court held that once the Sixth Amendment attaches to a charged crime, it also attaches to any "inextricably intertwined" uncharged conduct. See *Commonwealth* v. *Rainwater*, 425 Mass. 540, 556 (1997), cert. denied, 522 U.S. 1095 (1998). However, the United States Supreme Court subsequently abrogated that holding. See *Texas* v. *Cobb*, 532 U.S. 162, 168 & n.1 (2001).

2079, 2091 (2009). Under *Montejo*, a valid Miranda waiver suffices to waive one's Sixth Amendment right to counsel.

Here, the defendant was read the Miranda rights, and he signed a standard Miranda waiver form.[5] We discern no error in the motion judge's conclusion that this was a valid Miranda waiver, and *Montejo* therefore compels us to conclude that the defendant waived his Sixth Amendment right to counsel when he agreed to speak with the Canton police.

We recognize that the defendant's waiver of his Sixth Amendment right does not mean that he also necessarily waived his parallel right under art. 12 of the Massachusetts Declaration of Rights.[6] Although the defendant asserted his art. 12 right below, on appeal he relied entirely on the Sixth Amendment in arguing that his statements to the Canton police should have been suppressed, even though *Montejo* had been decided a month before his brief was filed. Moreover, despite the fact that the Commonwealth cited to *Montejo* in its opposition brief, the defendant did not file a reply brief seeking to raise art. 12 issues. We therefore conclude that the issue whether the defendant waived his art. 12 right to counsel, and the issue whether the questioning by the Canton police infringed upon that right, are not properly before us.

3. *Conclusion.* For the reasons stated above and in the companion memorandum and order, *Commonwealth* v. *Tlasek (No. 2), post* 1111 (2010), the judgments on indictments 07-00359-001 and 07-00359-002, charging trafficking in a controlled sub-

---

[5]Although the defendant did not include his signed waiver form in his record appendix, we retrieved that form from the lower court. We see no merit in the defendant's suggestions that the form was inadequate.

[6]The Supreme Judicial Court has held that in some respects the scope of the protections offered under art. 12 is broader than those provided by the Fifth and Sixth Amendments. Compare *Commonwealth* v. *Mavredakis*, 430 Mass. 848, 858-861 (2000) (defendant has art. 12 right to be informed of attorney's efforts to provide counsel, despite United States Supreme Court's conclusion that Federal Constitution affords no such protection), with *Commonwealth* v. *Anderson*, 448 Mass. 548, 556 (2007) (rejecting bright line rule established by New York Court of Appeals that "[o]nce a lawyer has entered a criminal proceeding representing a defendant in connection with criminal charges under investigation, the defendant in custody may not waive his right to counsel in the absence of the lawyer," *People* v. *Hobson*, 39 N.Y.2d 479, 481 [1976], and declining to extend protection of art. 12 beyond Sixth Amendment in such circumstances).

stance, and trafficking in a controlled substance in a school zone, are reversed, and the verdicts are set aside. The judgment on indictment 07-00359-005, charging resisting arrest, is affirmed.[7]

*So ordered.*

---

[7]See note 1, *supra.*